Argued and submitted July 22, 1985, reversed and remanded on unlawful trade practices claim, otherwise affirmed January 29, 1986

# KUYKENDALL,
*Appellant,*

*v.*

# C.O.M.H. WOODBURN, INC. et al,
*Respondents.*

(80-3-266; CA A32933)

713 P2d 620

Hank McCurdy, Portland, argued the cause and filed the brief for appellant.

Mark B. Comstock, Salem, argued the cause for respondents. With him on the brief was Garrett, Seideman, Hemann, Robertson & DeMuniz, P.C., Salem.

Before Richardson, Presiding Judge, and Warden and Newman, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

Plaintiff brought this action against C.O.M.H. Woodburn and its employes Bunn and Pollman in connection with an effort by plaintiff to purchase a mobile home from defendants. Although plaintiff pursued several theories of recovery at trial, the only one that requires discussion here is that defendants promised to deliver the mobile home by a certain time with the intent not to do so and that they therefore committed an unlawful trade practice under ORS 646.608(1)(q). The trial court granted defendants' motion for a directed verdict, and plaintiff appeals.

The basis for the trial court's ruling was that a consummated agreement for the sale of goods is a precursor to the seller's obligation to deliver them and that there was no evidence that the parties reached an agreement on the terms and conditions of the sale. We disagree. Although the evidence was not abundant, there was enough for a trier of fact to find that an agreement had been reached but that defendants attempted to make after-the-fact changes in certain conditions, including those relating to delivery.

Plaintiff makes three other assignments of error. Two warrant no comment. The third challenges defendants' counsel's question to plaintiff, in which counsel referred to plaintiff's history of nonsupport. Because we remand for other reasons, we note that a similar tactic on retrial *could* prove to be an independent basis for reversal.

Reversed and remanded on unlawful trade practices claim; otherwise affirmed.